ALEX MERAZ #299807
Name and Prisoner/Booking Number

A.S.P.C.-YUMA
Place of Confinement

P.O. BOX 8909
Mailing Address

SAN LUIS AZ, 85349
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

```
┌──────────────────────────────┐
│ ⊠ FILED      ___ LODGED      │
│ ___ RECEIVED ___ COPY        │
│                              │
│        APR 2 9 2022          │
│  CLERK U S DISTRICT COURT    │
│    DISTRICT OF ARIZONA       │
│ BY_____ DEPUTY    │
└──────────────────────────────┘
```

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

ALEX MERAZ ,
(Full Name of Plaintiff)

                    Plaintiff,

v.

(1) ROGER A. NELSON ,
(Full Name of Defendant)

(2) MARY E. WHITE ,

(3) DAVID SHINN ,

(4) MARTHA BASTIDAS ,

                    Defendant(s).

☑ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. CV22-00728-PHX-DWL--MTM
            (To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**
JURY TRIAL DEMANDED

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
    ☒ Other: 28 U.S.C. § 1391(b); 18 U.S.C. § 241; 18 U.S.C. § 242; 42 U.S.C. § 1986 .

2.  Institution/city where violation occurred: A.S.P.C. - YUMA, SAN LUIS, AZ .

Revised 3/11/16                              1                              **550/555**

| | |
|---|---|
| 1 | DEFENDANTS |
| 2 | 5. LEOVY DE GUZMAN |
| 3 | 6. BRITTANY CASSIANO |
| 4 | 7. CODY HUTCHINSON |
| 5 | 8. TERRI HAYES |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

1 - A

## B.  DEFENDANTS

1.  Name of first Defendant: _ROGER A. NELSON_____. The first Defendant is employed
as: __HONORABLE JUDGE_____ at _YUMA COUNTY SUPERIOR COURT_.
              (Position and Title)                                                (Institution)

2.  Name of second Defendant: _MARV E. WHITE_____. The second Defendant is employed as:
as: __DEPUTY COUNTY ATTORNEY_____ at _YUMA COUNTY ATTORNEY'S OFFICE_
              (Position and Title)                                                (Institution)

3.  Name of third Defendant: _DAVID SHINN_____. The third Defendant is employed
as: __DIRECTOR_____ at _ARIZONA DEPARTMENT OF CORRECTIONS_
              (Position and Title)                                                (Institution)

4.  Name of fourth Defendant: _MARTHA BASTIDAS_____. The fourth Defendant is employed
as: __CORRECTIONAL OFFICER_____ at _(A.D.C.R.R)_
              (Position and Title)                                                (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?     ☐ Yes     ☒ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
       _____

   b.  Second prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
       _____

   c.  Third prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
       _____

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

DEFENDANTS

5.   LEOVY DE GUZMAN IS EMPLOYED AS CORRECTIONAL OFFICER AT (A.D.C.R.R.)

6.   BRITTANY CASSIANO IS EMPLOYED AS CORRECTIONAL OFFICER AT (A.D.C.R.R)

7.   CODY HUTCHINSON IS EMPLOYED AS CORRECTIONAL OFFICER AT (A.D.C.R.R)

8.   TERRI HAVES IS EMPLOYED AS CORRECTIONAL OFFICER AT (A.D.C.R.R)

9.   DURING ALL TIME PERTINENT TO THIS COMPLAINT, DEFENDANTS ACTED UNDER COLOR OF LAW.

10.   DEFENDANT'S ACTS ALLEGED HEREIN OCCURED IN THE STATE OF ARIZONA.

11.   EACH DEFENDANT IS SUED IN THEIR INDIVIDUALLY AND OFFICIAL CAPACITIES.

2-A

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: _THE 8TH AMENDMENTS PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT & 14TH AMENDMENTS EQUAL PROTECTION OF THE LAW._

2. **Count I.** Identify the issue involved. Check **only one.** State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☐ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☒ Other: _UNLAWFUL IMPRISONMENT_
   - ☐ Medical care
   - ☐ Retaliation

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   I THE PETITIONER ALEX MERAZ, IS AN INMATE IN THE ARIZONA DEPARTMENT OF CORRECTIONS ("A.D.C.R.R") ASSIGNED TO THE ARIZONA STATE PRISON COMPLEX-YUMA (A.S.P.C.-YUMA) IN SAN LUIS, ARIZONA. AT VARIOUS TIMES, I WAS ASSIGNED TO THE DAKOTA, LA PAZ, AND CHEYENNE UNITS.

   JOHN MARTIN IS EMPLOYED AS A COUNSELOR (C.O.3) AT THE (A.S.P.C.-YUMA) IN SAN LUIS, ARIZONA.

   DURING THE TIME PERIOD OF PLAINTIFF'S INCARCERATION FOR AN OFFENSE ARISING OUT OF THE MARICOPA COUNTY SUPERIOR COURT, ST. V. MERAZ, CASE NO. CR2014-115899-001, CR2015-106380-001, AND CR2015-002074-001, PLAINTIFF WAS CHARGED AND INDICTED BY THE YUMA COUNTY ATTORNEY'S OFFICE FOR AN SUBSEQUENT OFFENSE OF PROMOTING PRISON CONTRABAND COMMITTED WHILE INCARCERATED AT A.S.P.C.-YUMA (CHEYENNE UNIT) IN 2016. (ID AT EXH. A)

   _CONTINUED 3-A_

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   INTENTIONAL INFLICTION OF PHYSICAL AND EMOTIONAL SCARRING-TRAUMA-DISTRESS OF LOSS OF CONSORTIUM WITH FAMILY, FRIENDS, SON; LOSS OF RELATIONSHIPS-FREEDOM; ANXIETY, LOSS OF FACE.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count I to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

# COUNT I

SUPPORTING FACTS, CONTINUED:

    THE INDICTMENT CHARGED ME WITH ONE (1) COUNT OF PROMOTING PRISON CONTRABAND, ONE (1) COUNT OF POSSESSION OF A NARCOTIC DRUG, AND ONE (1) COUNT OF POSSESSION OF PARAPHERNALIA.

    THE STATE OFFERED... AND INITIATED THE PLEA AGREEMENT FEBRUARY 16, 2017. A SINGLE COUNT OF PROMOTING PRISON CONTRABAND, IN RETURN FOR THE STATE'S AGREEMENT TO DISMISS THE REMAINING CHARGES AND A STIPULATION TO THE PRESUMPTIVE TERM OF IMPRISONMENT OF FIVE (5) YEARS WITH EIGHTY-THREE (83) DAYS CREDITED. THE STATE FURTHER AGREED TO NOT ALLEGE ANY PRIOR CONVICTIONS. MOREOVER, I ACCEPTED AND INITIALED THE PLEA AGREEMENT ON DATE THE SAME. THE COURT, AFTER EXAMINING TO DETERMINE THAT A FACTUAL BASIS FOR THE PLEA EXISTED, ALSO THAT I UNDERSTAND THE PENALTIES CALLED FOR UNDER THE PLEA AGREEMENT AND THAT I MUST WAIVE CERTAIN RIGHTS INCLUDING THE RIGHT TO A TRIAL BY JURY.

    THE STATE SET A DATE FOR SENTENCING (MARCH 16, 2017)... IN THE EXPLANATION OF THE POSSIBLE PENALTIES, THE COURT MADE NO MENTION THAT THE SENTENCE COULD BE ORDERED TO BE SERVED CONSECUTIVELY TO THE EXPIRATION OF MY PRIOR D.O.C. SENTENCES.

    THE PLEA AGREEMENT WAS ACCEPTED BY THE COURT AND THE YUMA COUNTY ADULT PROBATION DEPARTMENT PREPARED A PRESENTENCE REPORT AND RECOMMENDED A SENTENCE OF FIVE (5) YEARS WITH GIVEN CREDIT FOR EIGHTY-THREE DAYS SERVED PRIOR TO SENTENCING, IN ACCORDANCE

COUNT I

2  SUPPORTING FACTS, CONTINUED;

4  WITH THE TERMS OF THE PLEA AGREEMENT

6    IN TURN, THE SENTENCING JUDGE ROGER A. NELSON IMPOSED A
7  NON-DANGEROUS, NON-REPETITIVE, PRESUMPTIVE TERM OF IMPRISONMENT,
8  FIVE (5) YEARS WITH CREDIT FOR EIGHTY-THREE DAYS SERVED, ALSO
9  STATED DURING THE PRONOUNCEMENT QUOTE;
10    " THIS SENTENCE IS TO DATE FROM MARCH 16, 2017 "
11        (ID AT, EXH. A PG. 2 OF 4)

13    THE STATE DID NOT OBJECT TO THE SENTENCE, NOR FEEL THE
14  NEED TO FILE AN APPEAL DUE TO THERE BEING A MISUNDERSTANDING
15  DURING THE PRONOUNCEMENT OF SENTENCE.
16    (ST. V. MERAZ S1400-CR201601054)

18    APPROXIMATELY IN SEPTEMBER 2021, I WAS ADVISED BY (C.O.3)
19  MARTIN THAT AUGUST 31, 2021 MY INITIAL RELEASE CONFIRMATION WAS
20  APPROVED AND SET FOR RELEASE DATE OF NOVEMBER 29, 2021. (ID AT EXH. B)
21  WHEREUPON (C.O.3) MARTIN AND I COMPLETED (A.D.C.) RELEASE CONDITIONS
22  PACKET.

24    ACCORDING TO A.R.S. § 31-411, RELEASE UNDER SUPERVISION OF
25  STATE DEPARTMENT OF CORRECTIONS, IT IS NECESSARY FOR THE DEPARTMENT
26  OF CORRECTIONS TO DETERMINE THE TIME CREDITS WHICH A PRISONER HAS
27  EARNED, SUBTRACT THE SUM OF THOSE CREDITS FROM THE SENTENCE
28  ACTUALLY IMPOSED, AND ARRIVE AT THE DATE FOR THE EXPIRATION

| | |
|---|---|
| 1 | COUNT I |
| 2 | SUPPORTING FACTS, CONTINUED: |
| 3 | |
| 4 | OF SENTENCE. TYREE V. MORGAN, 113 ARIZ. 275, 550 P. 2d 1076 (ARIZ. 1976) |
| 5 | |
| 6 | WEEKS LATER, I WAS INFORMED BY MY FAMILY THAT MY RELEASE |
| 7 | DATE ON THE (A.D.C.) WEBSITE SHOWS DECEMBER 22, 2025. I |
| 8 | IMMEDIATELY INFORMED (C.O.3) MARTIN REGARDING THE ABRUPT CHANGE |
| 9 | IN RELEASE DATES. |
| 10 | |
| 11 | (C.O.3) MARTIN INFORMED ME THAT (A.D.C) TIME COMPUTATION |
| 12 | INTERNAL RECORDS INDICATE DEFENDANTS (A.D.C.) CORRECTIONAL OFFICERS |
| 13 | INQUIRED THE YUMA COUNTY SUPERIOR COURTS ON AUGUST 2, 2021, AS A |
| 14 | FOOT NOTE ON SAME DATE CITED: |
| 15 | " CR20160154 NOT CITING CONCURRENT OR CONSECUTIVE" |
| 16 | (ID AT EXH. B) AND DECIDED TO MAKE IT CONSECUTIVE |
| 17 | |
| 18 | HOWEVER, THE COURT DOCKET DISPLAYS ON SEPTEMBER 16, 2021 A |
| 19 | MINUTE ENTRY SENTENCING ORDER WAS ENTERED BY JUDGE NELSON, |
| 20 | CONFIRMED THAT THE SENTENCE IMPOSED IN CASE NO. S1400CR201601054, |
| 21 | " SHALL RUN CONCURRENT TO SENTENCES IN MARICOPA COUNTY |
| 22 | SUPERIOR COURT CASES" (ID AT EXH. C) |
| 23 | |
| 24 | ON SEPTEMBER 28 2021, I RECIEVED A CORRESPONDENCE FROM THE |
| 25 | YUMA COUNTY PUBLIC DEFENDER'S OFFICE THAT A NOTICE OF APPEAL HAS |
| 26 | BEEN FILED ON MY BEHALF FOR THE REASONS OF DENIAL OF |
| 27 | CONSTITUTIONAL RIGHTS BECAUSE I WAS NOT PRESENT AT THE |
| 28 | PROCEEDING. NOR REPRESENTED BY ANY COUNSEL AT RE-SENTENCING |

COUNT I

SUPPORTING FACTS, CONTINUED:

HEARING. (ID AT EXH. D) I, MYSELF HAD NO KNOWLEDGE OF THE
AMENDED RE-SENTENCING ORDER.

DURING PENDENCY OF APPEAL, I RECEIVED CORRESPONDENCE FROM
YUMA COUNTY PUBLIC DEFENSE COUNSEL ROBERT TREBILCOCK THAT SINCE
THE RESENTENCING ORDER ISSUED SEPTEMBER 16, 2021, WAS REVERSED
FROM CONSECUTIVE TO CONCURRENT, IT IS FAVORABLE TO ME AND THERE
IS NO NEED TO PROCEED ON APPEAL. HE ADVISED ME TO SIGN WAIVER
~~OF APPELLATE RIGHTS AND MOVE TO DISMISS THE APPEAL IN CASE~~
NO. CA-CR 21-0425. (ID AT EXH. E)

A TRIAL COURT HAS BROAD DISCRETION IN SENTENCING AND IF THE SENTENCE
IMPOSED IS WITHIN THE STATUTORY LIMITS, WE WILL NOT DISTURB
THE SENTENCE UNLESS THERE IS A CLEAR ABUSE OF DISCRETION.
STATE V. CAMERON, 146 ARIZ. 210, 215, 704 P.2d 1355, 1360 (APP. 1985)
(CITING STATE V. STOTTS, 144 ARIZ. 72, 695 P.2d 1110 (1985)).

THE INTENTION OF THE SENTENCING COURT IS CLEAR. THE COURT
HAS THE DISCRETION ON MAKING DEFENDANTS SENTENCE CONCURRENT
TO HIS PRIOR SENTENCE. AS SUCH, HE IS ENTITLED TO A CONCURRENT
SENTENCE IF THE COURT SO DETERMINES. FURTHERMORE, THE DOUBLE
JEOPARDY CLAUSE LIMITS THE COURT'S POWER TO ALTER SENTENCES.
A COURT MAY NOT INCREASE A LEGAL SENTENCE IF IT WOULD DISTURB
A DEFENDANT'S LEGITIMATE EXPECTATION OF FINALITY IN THE
SENTENCE. U.S. V. ARRELLANO-RIOS, 799 F.2d 520, 524-25 (9th CIR.

CONTINUED 3-E

COUNT I

SUPPORTING FACTS, CONTINUED:


1986). U.S. V. JONES, 722 F.2d 632, 638-39 (11th CIR. 1983).


BEFORE WITHDRAWAL OF NOTICE OF APPEAL, ON NOVEMBER 9, 2021, JUDGE ROGER A. NELSON ISSUED ANOTHER SENTENCING ORDER FOR THE THIRD (3RD) TIME. VACATED PREVIOUS ORDER ENTERED ON SEPTEMBER 16, 2021, AND ENTERED ORDER:

"AMENDING SENTENCE TO REFLECT THAT SENTENCE
IMPOSED IN THIS CASE ON MARCH 16, 2017, SHALL
RUN CONSECUTIVE TO SENTENCES IN MARICOPA
COUNTY SUPERIOR COURT CASES". (ID AT EXH. F)


ONCE AGAIN, I WAS NOT NOTIFIED OR PRESENT AT THE PROCEEDING, NOR REPRESENTED BY ANY COUNSEL FOR THAT MATTER, NOR DID JUDGE NELSON SEEK AN ORDER FROM THE COURT OF APPEALS TO RE-VEST THE TRIAL COURT WITH JURISDICTION FOR PURPOSES OF RE-SENTENCING.


THE RECORD DOES NOT REVEAL THE MOTIVATING FACTOR BEHIND JUDGE NELSON'S DECISION TO RE-SENTENCE ME. AS THE RECORD SHOWS NO MOTION FILED BY MY ATTORNEY NOR THE STATE.


MOREOVER, BOTH JUDGE NELSON'S MINUTE ENTRY ORDER[S] OF SEPTEMBER 16, 2021, AND NOVEMBER 9, 2021, ARE UNCONSTITUTIONAL, CAPRICIOUS, AND ARBITRARY. IN FACT, IT IS IN VIOLATION OF MY SUBSTANTIAL RIGHTS.

COUNT I

1
2    SUPPORTING FACTS, CONTINUED:
3
4       THEREAFTER, APPELLATE ATTORNEY ROBERT TREBILCOCK IMMEDIATELY
5    FILED A SECOND (2ND) NOTICE OF APPEAL, CASE NO. CA CR 21-0543, IN
6    ORDER TO CHALLENGE THE THIRD (3RD) RE-SENTENCING ORDER
7    ENTERED ON NOVEMBER 9, 2021.
8
9       ON NOVEMBER 29, 2021, I WAS NOT RELEASED FROM THE EXPIRATION
10   OF THE TERM OF THE SENTENCE INITIALLY (1ST) IMPOSED BY JUDGE
11   NELSON ON MARCH 16, 2017 AND I CONTINUE TO REMAIN IN THE CUSTODY
12   OF ARIZONA DEPARTMENT OF CORRECTION, UNLAWFULLY IMPRISONED.
13
14      (A.D.C.R.R.) HAS A DUTY TO CARRY OUT THE SENTENCE THAT THE
15   TRIAL COURT IMPOSED. AS I NOTE, IF THE ENTRIES CONTAINED A LEGAL
16   ERROR IN MY FAVOR, THEN DEFENDANT (YUMA COUNTY ATTORNEY MARY E.
17   WHITE) SHOULD HAVE APPEALED THE ERROR IN ACCORDANCE WITH RULE
18   24.3 (a). ARIZ. R. OF CRIM. PROC., BUT DEFENDANT MARY E. WHITE
19   FAILED TO DO SO.
20
21      IT APPEARS THAT DEFENDANTS (A.D.C.R.R) CORRECTIONAL OFFICERS
22   MUST HAD CONTACTED THE YUMA COUNTY ATTORNEY'S OFFICE (MARY E. WHITE
23   TO REQUEST A CHANGE OF SENTENCE IMPOSED TO RUN CONSECUTIVE
24   TO PRIOR SENTENCES FROM MARICOPA COUNTY
25
26      HOWEVER, WHEN DEFENDANT MARY E. WHITE INFORMED
27   DEFENDANTS (A.D.C.R.R) CORRECTIONAL OFFICERS THAT THE YUMA
28   COUNTY ATTORNEY'S OFFICE WAIVED THEIR RIGHT TO APPEAL

3-F                                              CONTINUED 3-G

COUNT I

SUPPORTING FACTS, CONTINUED:

THE SENTENCE UNDER RULE 24.3(a). ARIZ. R. OF CRIM. PROC.,
MARY E. WHITE PROCEEDED TO ADVISE DEFENDANTS (A.D.C.R.R.)
CORRECTIONAL OFFICERS TO CONTACT JUDGE NELSON THEMSELVES,
A PLAN, THAT WOULD ALLOW THEM ALL, TO CIRCUMVENT THE LAW,
WITHOUT DIRECTLY VIOLATING IT, OR RAISING ANY CONCERNS OF
CONSPIRACY, WHICH, BOTH DEFENDANTS MARY E. WHITE AND (A.D.C.R.R)
CORRECTIONAL OFFICERS "SIDE-STEP APPROACH", NO DOUBT, CLEARLY
IMPRESSED JUDGE NELSON.

   ARIZONA DEPARTMENT OF CORRECTION'S ROLE IS NOT TO REVIEW
AND CORRECT A SENTENCING COURT'S ERROR AND IMPOSE THE
SENTENCE IT BELIEVES THE COURT SHOULD HAD IMPOSED. BUT IS
OBLIGED TO EXECUTE THE SENTENCE IMPOSED BY THE TRIAL COURT.
FOLLOWED BY A.R.S. §§ 31-201.01(A).

   ARIZONA DEPARTMENT OF CORRECTIONS HAS NO LEGAL AUTHORITY TO
REQUEST CHANGES IN A SENTENCE THAT IS BEING SERVED BY ON INMATES
UNDER IT'S CUSTODY. IN FACT, THE EX PARTE COMMUNICATION
BETWEEN DEFENDANTS (A.D.C.R.R.) CORRECTIONAL OFFICERS AND JUDGE
NELSON IS A GROSS VIOLATION OF MY RIGHTS TO DUE PROCESS AND
EQUAL PROTECTION UNDER THE LAW BECAUSE OTHERS IN THE SAME
SITUATION WERE TREATED DIFFERENTLY. EX PARTE LANCE, 85 U.S. 163(187)

   BUT WHAT IS MORE TROUBLING, IS THE WILLINGNESS OF JUDGE
NELSON TO GRANT THE DEFENDANT'S (A.D.C.R.R) CORRECTIONAL

3-G                    CONTINUED 3-H

COUNT I

SUPPORTING FACTS, CONTINUED:

OFFICER'S INFORMAL REQUEST. AND FURTHERMORE, TO RE-SENTENCE ME WITH COMPLETE DISREGARD FOR PROCEEDINGS.

IT IS SETTLED LAW THAT THE ONLY LEGAL SENTENCE, IS A SENTENCE IMPOSED IN OPEN COURT IN FRONT OF THE DEFENDANT AND HIS COUNSEL. THE COURT MUST ALLOW DEFENSE COUNSEL THE OPPORTUNITY TO SPEAK ON DEFENDANT'S BEHALF. IN ADDITION, THE COURT MUST ADDRESS THE DEFENDANT, PERSONALLY AND ASK IF THE DEFENDANT WISHES TO MAKE A STATEMENT OR PRESENT ANY INFORMATION IN MITIGATION. U.S. V. ROGERS, 961 F.3d 291 (4th CIR. 2020) (ANY SENTENCE NOT PRONOUNCED ORALLY IN OPEN COURT, WITH THE DEFENDANT PRESENT, WAS NOT "TRULY IMPOSED" ON THE DEFENDANT). U.S. V. NAPIER, 463 F.3d 1040 (9th CIR. 2006) (COURT ERRED BY INCLUDING NON-STANDARD CONDITION OF SUPERVISED RELEASE IN WRITTEN JUDGEMENT THAT WERE NOT IN ORAL SENTENCE BECAUSE DEFENDANT HAS A RIGHT TO BE AT SENTENCING). U.S. V. GUNNING, 401 F.3d 1145, 1147-49 (9th CIR. 2005) (RESENTENCING WHEN DEFENDANT NOT GIVEN OPPORTUNITY TO ADDRESS COURT IN SENTENCING). CHAPARRO V. SHINN, 248 ARIZ. 138, 459 P.3d 50 (ARIZ 2020) (WHEN THE TRIAL COURT HAD JURISDICTION OVER THE SUBJECT MATTER AND PARTIES, THE JUDGEMENT, EVEN IF VOIDABLE AND ERRONEOUS, COULD ONLY BE MODIFIED ON APPEAL OR BY PROPER AND TIMELY POST-JUDGEMENT MOTION. THEREFORE, BECAUSE THE STATE FAILED TO TIMELY APPEAL, THE SUPREME COURT OF ARIZONA DID NOT HAVE SUBJECT MATTER JURISDICTION TO CORRECT THE SENTENCE).

CONTINUED 3-I

COUNT I

SUPPORTING FACTS, CONTINUED:

THE MATERIAL ISSUE OF FACTS PRESENTED HEREIN, APPEARS TO SHOW THAT DEFENDANTS (A.D.C.R.R.) CORRECTIONAL OFFICERS HAD NO CONCERN OVER THE ILLEGALITY OF THEIR ACTIONS IN CONTACTING JUDGE NELSON EX PARTE AND EXPLICITY REQUESTING JUDGE NELSON TO THE SENTENCE TO RUN CONSECUTIVELY.

THE DOUBLE JEOPARDY CLAUSE OF THE 5th AND 14th AMENDMENTS OF THE UNITED STATES CONSTITUTION IS OFFENDED BY THE MINUTE ENTRY ORDER(S) ENTERED BY JUDGE NELSON ON SEPTEMBER 16, 2021 (ID AT EXH. C) AND NOVEMBER 9, 2021 (ID AT EXH. F).

THE MINUTE ENTRY ORDER(S) ARE IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSES. ALL CONTRARY TO THE RUDIMENTARY ADMINISTRATION OF JUSTICE.

NOW, THE RECORD DOES NOT REVEAL THE MOTIVATING FACTOR BEHIND JUDGE NELSON'S DECISION TO RE-SENTENCE ME. HOWEVER, THE ORDERS SUPPORT THE NOTION THAT DEFENDANTS (A.D.C.R.R.) CORRECTIONAL OFFICERS WERE BEHIND THE ISSUANCE OF THE RE-SENTENCING ORDER(S) IN THAT THE DISTRIBUTION LIST(S) SHOW THAT THE FIVE (5) DEFENDANTS (A.D.C.R.R.) CORRECTIONAL OFFICERS WERE SERVED COPIES OF THE UPDATED SENTENCING ORDER(S), DEFENDANTS MARTHA BASTIDAS, LEOVY DE GUZMAN, BRITTANY CASSIANO, CODY HUTCHINSON, AND TERRI HAYES. BUT NO STATE PROSECUTOR FROM THE YUMA COUNTY ATTORNEY'S OFFICE NOR MY DEFENSE COUNSEL WERE IDENTIFIED AS SERVED COPIES ON THOSE ORDERS (ID AT EXH. C, F)

3 - I

CONTINUED 3-J

COUNT I

SUPPORTING FACTS, CONTINUED:

THE ORDER TO VACHTE ORDER AND ORDER TO AMEND SENTENCING ORDER FILED ON NOVEMBER 9, 2021 (ID AT EXH. F), NOT ONLY SUBJECT ME TO A TERM OF CONSECUTIVE SENTENCE NOT MENTIONED AT THE ORAL PRONOUNCEMENT, BUT ALSO ELIMINATED THE CERTAINTY OF BEING RELEASE AFTER THE COMPLETION OF CONVICTION SERVED. (FIVE(5) YEARS). PREJUDICE HAS BEEN PROVED... A GROSS VIOLATION OF CRUEL AND UNUSUAL PUNISHMENT, DOUBLE JEOPARDY, AND UNLAWFUL IMPRISONMENT

3- J

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT THIS COURT ENTER JUDGEMENT GRANTING PLAINTIFF: 1. A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFF'S RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES; 2. COMPENSATORY DAMAGES IN THE AMOUNT $2,500,000 AGAINST EACH DEFENDANT, JOINTLY AND SEVERALLY; 3. PUNITIVE DAMAGES IN THE AMOUNT OF $250,000 AGAINST EACH DEFENDANT; 4. PLAINTIFF'S COST IN THE SUIT AND ATTORNEY'S FEES; 5. A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY; 6. ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST, PROPER AND EQUITABLE.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___APRIL 18, 2022___          ___ALEXMERAZ___
              DATE                          SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

# ATTACHMENT

# EXHIBIT

# A

RECEIVED

2017 MAR 17  AM 11: 23

YUMA COUNTY
PUBLIC DEFENDER

## SUPERIOR COURT OF ARIZONA

### YUMA COUNTY
### YUMA, AZ

| | | | |
|---|---|---|---|
| **Five**<br>Div | **March 16, 2017**<br>Date | **Roger A. Nelson**<br>Judge | **Serene Espinoza**<br>Deputy Clerk(s) |

No. S1400CR201601054

**STATE OF ARIZONA**

vs.

~~ALEX MERAZ~~

DATE OF BIRTH: **11-23-1993**

County Attorney
**By: Mary White**

Attorney for Defendant
**By: Jerry Hernandez**

## SENTENCE OF IMPRISONMENT

_____ a.m.  The State is represented by the above named Deputy County Attorney; the defendant is present with counsel named above.

The Court Reporter is present.

Pursuant to A.R.S. §13-607, the court finds as follows:

**WAIVER OF TRIAL**  The defendant knowingly, intelligently, and voluntarily waived his right to a trial with or without a jury, his right to confront and cross examine witnesses, his right to testify or remain silent and his right to present evidence and call his own witnesses after having been advised of these rights.  The determination of guilt was based upon a plea of guilty/no contest.

**IT IS THE JUDGMENT OF THE COURT** that the Defendant is guilty of the following crime(s), that upon due consideration of all the facts, law and circumstances relevant here, the Court finds that suspension of sentence and a term of probation are not appropriate and that a sentence of imprisonment with the Department of Corrections is appropriate.

Page 1 of 4

NO. S1400CR201601054,  STATE VS. ALEX MERAZ

THE COURT FINDS the presumptive term appropriate.

AS PUNISHMENT, IT IS ORDERED that the Defendant is sentenced to a term of imprisonment and is committed to the Arizona Department of Corrections as follows:

COUNT ONE

OFFENSE: PROMOTING PRISON CONTRABAND

FELONY CLASS:   TWO

IN VIOLATION OF A.R.S. SECTIONS: 13-2505(A)(3), 13-2505(C), 13-2505, 13-2501, 13-701, 13-801 AND 13-804

DATE OF OFFENSE: MAY 21, 2016

SENTENCE: FIVE YEARS

PRESUMPTIVE/NONDANGEROUS/NONREPETITIVE

This sentence is to date from March 16, 2017.  The Defendant is to be given credit for 83 days served prior to sentencing.


FEES, FINES AND ASSESSMENTS

IT IS ORDERED the defendant shall pay the following fines, fees and/or assessments:

ATTORNEY ASSESSMENT FEE of $750.00

SUPERIOR COURT ENHANCEMENT FEE of $40.00

VICTIM'S RIGHTS ENFORCEMENT FUND ASSESSMENT of $2.00

DRUG ASSESSMENT of $15.00

IT IS FURTHER ORDERED Within 15 working days after being released from the Arizona Department of Corrections, the defendant shall report to or contact the Judicial Assistance Unit

NO. S1400CR201601054,  STATE VS. ALEX MERAZ

(JAU)t at 168 South Second Avenue, Yuma, Arizona, 85364, telephone number (928) 817-4150, to

execute a payment contract for restitution assessed in this matter.  Payments shall commence on the

first day of the second month following the defendant's release from custody and are to be paid at a

monthly rate established by JAU.  The restitution shall be paid in full by the completion of defendant's

sentence.

### COMMUNITY SUPERVISION

**IT IS ORDERED** the defendant shall serve a term of community supervision consecutive to

the term(s) of imprisonment ordered herein pursuant to A.R.S. §13-603(I).


**IT IS ORDERED** granting the State's Motion to Dismiss **COUNTS TWO AND THREE.**


**IT IS ORDERED** authorizing the Sheriff of Yuma County to transport the defendant to the

Arizona Department of Corrections and authorizing the Department of Corrections to carry out the

term of imprisonment set forth herein.


**IT IS ORDERED** that the Clerk of the Court send to the Department of Corrections a copy of

this order together with all presentence reports, probation violation reports, medical and mental

health reports relating to the defendant and involving this cause.


**IT IS ORDERED exonerating any bond.**


Page **3** of **4**

NO. S1400CR201601054, STATE VS. ALEX MERAZ

The defendant is advised concerning rights of appeal or post conviction and written notice of those rights is provided.

Let the record reflect that the defendant's fingerprint is permanently affixed to this sentencing order in open court.

DATED this 16th day of March, 2017.

9:51 a.m. Hearing Concludes

Roger A. Nelson
Superior Court Judge

[                    ]

[ Fingerprint          ]

# EXHIBIT

# B



| Commitment | Count | Case # | ARS | Sentence Type | Ruling / Non-Ruling | Status | SBD | SED | Release Date | Release Type | Sentence Status | View Worksheet | Select |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | 1 | 2014115899001 | 13-1201 | Base | Non-Ruling | Expired | 10/08/2014 | 10/08/2015 | 08/17/2015 | ERCD | Imposed | | ☐ |
| B | 1 | 2014120530001 | 13-1201 | | Non-Ruling | Expired | 01/11/2015 | 01/11/2016 | 11/20/2015 | ERCD | Imposed | | ☐ |
| C | 1 | 2015106380001 | 28-1383 | | Non-Ruling | Expired | 02/08/2015 | 02/07/2021 | 04/09/2020 | ERCD | Imposed | | ☐ |
| D | 1 | 2015002074001 | 13-2505 | | Non-Ruling | Active | 08/21/2015 | 02/18/2023 | 02/14/2022 | ERCD | Imposed | | ☐ |
| E | 1 | 201601054 | 13-2505 | | Final Ruling | Future | 11/23/2021 | 11/23/2026 | 12/22/2025 | CSBD | Imposed | | ☐ |

| Note Type | Comments | Date / Time | Created by |
|---|---|---|---|
| Additional Audit | 09/02/21 VOID PREV INIT REL CONF- SEE TIME COMP NOTES.....KSX5 | 9/2/2021 1:20:58 PM | KSX5 |
| Additional Audit | 09/02/21 UPDTD REVIEWED MARICOPA CR2014115899001, CR2014120530001 and CR2015106380001 W/ C/C ADDL MARICOPA CR2015002074001 (D01) and ADD'L YUMA CR202016154 (E1); LEGAL MEMO ON LAST REVIEW WAS SENT REGARDING ADDL YUMA CR201601054 (E1) NOT CITING C/C OR C/S TO SENTENCES I/M WAS ALREADY SERVING (PER D/O CR201601054 WAS COMMITTED WHILE ADCRR); PER BMS8 & PER LEGAL MATRIX- RECALC YUMA CR201601054 TO RUN C/S TO OTHER SENTENCES ; RECALC PROJ RLS DTS ARE: (D1) ERCD: 02/14/2022 TO C/S (E1) CSBD: 12/22/2025, CSED: 11/19/2027; ERCD:03/08/2026.....KSX5 | 9/2/2021 1:19:09 PM | KSX5 |
| Weekend and Holiday Releases CSBD adjusted | Inmates CSBD adjusted by + 2 days due to calculating for 12/20/2025 which is a Weekend or Holiday | 9/2/2021 12:48:51 PM | KSX5 |
| Additional Audit | 08/31/2021 INITIAL RELEASE CONFIRMATION SENT UPON APPROVED HOME PLAN FOR CSBD:11/29/2021;CSED:02/27/2023;IF TR IS DENIED, ERCD:02/14/2022; CSED:02/14/2023; DET:NO; NR/VT:YES; HOME PLAN NOT STARTED; INITIAL COMPLETED WITH COURT DOCUMENTS ONLY ....CDJL | 8/31/2021 5:20:00 PM | CDJL |
| Additional Audit | 08/02/21 I/E STP 1067 - REC'D DISCP WITHIN 6 MOS OF CSBD; LEGAL MEMO SENT RE: CR20160154 NOT CITING CC OR CS...........KSX5 | 8/2/2021 4:16:36 PM | KSX5 |
| Additional Audit | 08/02/21 REVIEWED MARICOPA CR2014115899001, CR2014120530001 & CR2015106380001 W/ C/C ADDL MARICOPA CR2015002074001 (D01) & ADD'L C/C YUMA CR202016154 FOR RECALC; CST WAIVED /CST IMPOSED ON D01&E01; AN ANNOTATION MADE 11/06/19 THAT M/E DTD 05/05/16 ON CR2015002074001 CST WAS WAIVED, HOWEVER, NO SUCH M/E ENTRY LOCATED ON WEBSITE OR ONBASE; CST IMPOSED AS SENTENCING ORDER; PROJ RLS DTS ARE: CSBD: 11/29/2021, CSED: 02/27/2023; ERCD: 02/14/2022.....KSX5 | 8/2/2021 3:50:21 PM | KSX5 |
| Manual Lock Removed | 08/02/21 unlock manl- RECALC DATES- NO M/E FOUND WAIVING CST FROM ORIG SENT OF CST IMPOSED ON D01....KSX5 | 8/2/2021 3:32:41 PM | KSX5 |
| TR Denial | Temporary release denial reason, Mixed Ruling (Prob/CST) was restored due to system event triggered by KSX5. | 8/2/2021 3:30:32 PM | KSX5 |
| TR Denial | Temporary release denial reason, Mixed Ruling (Prob/CST) was added due to system event triggered by user WFService. | 3/13/2020 5:02:17 PM | System |
| TR Denial | Mixed Ruling (Prob/CST) | 11/6/2019 12:00:00 AM | PJRI |



# EXHIBIT

# C

FILED
Lynn Fazz
CLERK, SUPERIOR COURT
09/16/2021  3:09 PM
BY: TSHERMAN
DEPUTY

1

2

3

4

5

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9                IN AND FOR THE COUNTY OF YUMA

10

11 STATE OF ARIZONA,           )   Case No.:  S1400CR201601054

                           )

12             Plaintiff,  )   ORDER TO AMEND

                           )   SENTENCING ORDER

13 vs.                     )

                           )

14                            )

15 ALEX MERAZ,             )   HON. ROGER. NELSON

                           )

16            Defendant.  )

17                            )

18

19

20     The defendant was sentenced on March 16 , 2021;

21     **IT IS ORDERED** amending the Court's sentencing to reflect that sentence imposed in

22 this case shall run concurrent to sentences in Maricopa County Superior Court cases CR2014-

23 115899-001, CR2015-106380-001 and CR2015-002074-001.

24     In all other respects, the sentencing orders are affirmed.

25

26

27                                   _____

28                                    ROGER A. NELSON

                                   SUPERIOR COURT  JUDGE

Copies of the foregoing placed
this _____ day of September, 2021
in the boxes of:

Yuma County Attorney


Martha Bastidas  mbastidas@azadc.gov
Leovy De Guzman ldeguzman@azadc.gov
Brittany Cassiano bcassiano@azadc.gov
Cody Hutchinson chutchinson@azadc.gov
Terri Hayes thayes1@azadc.gov

LYNN FAZZ, Clerk of Superior Court

By_____
    Deputy Clerk

# EXHIBIT

# D



OFFICE OF THE YUMA COUNTY PUBLIC DEFENDER
168 S. 2nd Avenue Yuma, Arizona 85364

Michael A. Breeze    Public Defender

Phone
(928) 817-4600
FAX (928) 817-461

September 28, 2021

ASPC Yuma, Cheyenne Unit
ALEX M. MERAZ 299807
PO Box 8909
Yuma, AZ 85349

Re:    *State v. Alex Meraz,*
       Yuma County Superior Court Case No. S1400CR201601054

Dear Mr. Meraz:

This is to advise you that we received a copy of your letter of your in which you complain that Judge Nelson resentenced you to a consecutive term of imprisonment for the Yuma County case in which you pled guilty to promoting prison contraband. A Notice of Appeal has been filed in the above cause number. An attorney from our office will soon be formally been assigned to represent you. Usually appeals take a great deal of time to complete. I am aware that you believe you are entitled to release in November. I will arrange a prison call so that we may discuss this matter further.

Until the records and transcripts are prepared, I will not know very much about the merits of your appeal. The Clerk of the Superior Court and the court reporters are now in the process of preparing the needed records and transcripts which they will forward to the appellate court. The preparation and transmission of the record and transcripts usually takes between one and three months. Copies of the records and transcripts will be furnished to me for my use in preparing any briefs or pleadings which I may file in your behalf. It will be necessary for me to retain possession of these documents and transcripts while your appeal is pending as I will need them for reference during the various stages of the appeal. When the appeal is completed, I will forward them to you. If you wish to obtain a copy of these documents before the end of the direct appeal process, it is your responsibility to pay for the copies.

Once the records and transcripts have been prepared, the Court of Appeals issues a Notice of Completion and sets a due date for the filing of the opening brief. I will search the records for any errors in the proceedings and will include in your opening brief any grounds for appeal which I find. I will file your opening brief within 40 days of the Notice of Completion and will immediately mail you a copy.

**You must notify me in writing of any issues you want raised in the appeal. The issues you suggest will serve two purposes. First, they will help guide me in reviewing your case. Second, they will be brought to the attention of the Court of Appeals should I conclude that there are no arguable issues that are not frivolous to present on your behalf. This will be done in a brief filed pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). If you do not notify me of any potential issues, the Court of Appeals**

requires that I note this fact in the *Anders* brief. Even if I file an *Anders* brief you will still be able to present your issues to the Court by the filing a supplemental brief *pro se* (on your own behalf).

Since you have appealed your case, the deadline for filing any Rule 32 post-conviction relief notice has been extended to 30 days after your appeal has ended. Generally, I recommend that my clients not file a notice of post-conviction relief until after the appeal has ended. However, special considerations sometimes require that the notice be filed while the appeal is pending. It is very important that you consult with me before filing a notice of post-conviction relief so that we can make an informed decision as to which course of action is best for you.

*Finally, a word about release pending appeal.* Once a person is sentenced to prison in Arizona he or she is not entitled to be released on bail unless upon investigation a judge is satisfied that the person in custody is in such physical condition that continued confinement would endanger his or her life. A.R.S. § 13-3961.01. See also *State v. Hawkins,* 140 Ariz. 88, 680 P.2d 522 (App. 1984). So for all practical purposes there is no release pending appeal. For this reason, it is exceedingly important that you comply with the terms of your probation. If it is revoked, I will have no means of gaining your release short of winning a reversal on appeal.

In the meantime, if you have any questions you would like to ask or if you would like to suggest any possible issues on appeal, please write me at the address listed below. My office telephone number is 928-817-4600.

Sincerely,

Yuma County Public Defender

Raymond Hanna
Yuma County Public Defender

/bb

**YUMA COUNTY PUBLIC DEFENDER**
168 S. 2nd Avenue
Yuma, Arizona 85364
Phone: (928) 817-4600
Fax: (928) 817-4619

Robert Trebilcock
State Bar No. 012004
Robert.Trebilcock@yumacountyaz.gov
Attorney for Defendant

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF YUMA

| | |
|---|---|
| STATE OF ARIZONA, | Superior Court No. S1400CR* |
| Plaintiff, | DIV. 5 |
| v. | HON. Roger A. Nelson |
| | **NOTICE OF APPEAL** |
| **ALEX MERAZ,** | |
| Defendant. | |

NOTICE IS HEREBY GIVEN that Alex Meraz appeals from the judgment of

guilt and sentence in the above-entitled case following a resentencing by the trial court

judge entered in the Superior Court of Yuma County on 09/16/21. The defendant is now

confined in ASPC Yuma, Cheyenne Unit, ALEX M. MERAZ 299807, P.O. Box 8909

Yuma, AZ 85349.

Defendant was represented by appointed counsel at the determination of guilt and

sentencing. The lawyer representing Defendant Meraz was Jerry Hernandez, a deputy

Yuma County Public Defender at the time of entering original sentence. Defendant

Meraz was neither notified of the resentencing proceeding nor represented by counel.

1

Defendant designates as the record on appeal all items as set forth in Rule 31.8(a)(1) and 31.8(b)(1) of the Arizona Rules of Criminal Procedure, including presentence, criminal history and disposition hearing reports. Pursuant to Rule 31.8(b)(2)(a), defendant requests the following additions and deletions to the transcripts:

**Additions:** *Voir dire*, opening statements, closing arguments, settlement conferences, and all pre-trial and post-trial motion hearings (except uncontested motions to continue).

**Deletions:** Transcripts of the arraignment, conditions of release hearing, preliminary hearing, motion to remand for new finding of probable cause, trial management conferences, Rule 11 proceedings, motions to withdraw from a guilty plea and failed or withdrawn guilty plea proceedings.

Defendant Meraz is without legal counsel and wishes to have counsel appointed to represent him. The Court need not make another determination of indigency, because defendant's financial circumstances have not changed since the Public Defender's Office was first appointed and because Rule 31.5(a)(1) provides that "A defendant who had appointed counsel at the determination of guilt or sentencing may proceed on appeal as an indigent without further authorization . . . unless the trial court finds that the defendant is now able to employ counsel and pay for a certified copy of the record on appeal and the certified transcript."

RESPECTFULLY SUBMITTED.


Robert Trebilcock
Deputy Yuma County Public Defender

2

# EXHIBIT

# E



OFFICE OF THE YUMA COUNTY PUBLIC DEFENDER
168 S. 2nd Avenue Yuma, Arizona  85364

Michael A. Breeze    PUBLIC DEFENDER

Phone
(928) 817-4600
FAX (928) 817-461

October 12, 2021

ALEX M. MERAZ 299807
ASPC Yuma, Cheyenne Unit
PO Box 8909
Yuma, AZ 85349

Re:    *State v.  Alex Meraz*
        Yuma County Superior Court Case No. S1400CR201601054
        Court of Appeals No. 1 CA CR 21-0425

---

Dear Mr. Meraz:

 Enclosed you will find a copy of my motion asking the Court of Appeals to dismiss your appeal. In the normal course of things, it takes the Court of Appeals a couple of weeks to grant unopposed motions. Once the Court enters its order granting your motion it will take still longer for the Court to officially terminate your appeal by issuing a Mandate returning jurisdiction to the superior court.

I will keep you posted on developments from the Court of Appeals. In the meantime, if you happen to be served with any papers in the superior court, please let me know immediately. The same holds true for any further communications with ADOC TIME COMP.

Sincerely,

Yuma County Public Defender

Robert Trebilcock
Yuma County Public Defender

/bb

**Robert Trebilcock**
Deputy Public Defender
168 S. 2nd Avenue
Yuma, Arizona 85364
Telephone (928) 817-4600
Robert.Trebilcock@yumacountyaz.gov
State Bar No. 012004

Attorney for Appellant


# IN THE COURT OF APPEALS
## STATE OF ARIZONA
## DIVISION ONE

| | |
|---|---|
| STATE OF ARIZONA,<br><br>                    Appellee,<br><br>          v.<br><br>ALEX MERAZ,<br><br>                    Appellant. | No. 1 CA-CR 21-0425<br><br>Yuma County Superior<br>     Court No. S1400CR201601054<br><br>**MOTION TO DISMISS**<br><br>(PROCEDURAL MOTION)<br>(State Does Not Object) |

Appellant notifies the Court that he no longer wishes to appeal his conviction and sentence and hereby moves the Court for its Order dismissing his appeal. Counsel avows that he has advised Appellant in telephone conversations and by written correspondence regarding the advisability of withdrawing his appeal and that Appellant consents to this motion. Counsel further advises the Court that the Attorney General's Office has no objection to this Motion to

Dismiss.

YUMA COUNTY PUBLIC DEFENDER

/S/
_____
**Robert Trebilcock**
Deputy Public Defender

**Robert Trebilcock**
Deputy Public Defender
Attorney for APPELLANT
168 S. 2nd Avenue
Yuma, Arizona 85364
Telephone (928) 817-4600
Robert.Trebilcock@yumacountyaz.gov
State Bar Membership No. 012004

Attorney for Appellant

### IN THE COURT OF APPEALS
### STATE OF ARIZONA
### DIVISION ONE

| | |
|---|---|
| STATE OF ARIZONA, | No. 1 CA-CR 21-0425 |
| Appellee, | Yuma County Superior Court No. S1400CR201601054 |
| v. | **AFFIDAVIT REQUESTING DISMISSAL OF APPEAL** |
| ALEX MERAZ, | |
| Appellant. | |

| | |
|---|---|
| **STATE OF ARIZONA** | ) |
| | ) ss. |
| **County of Yuma** | ) |

Alex Meraz, being first duly sworn, upon his oath deposes and says:

I am the Appellant in the above-entitled case and no longer want to appeal the

judgment of guilt or sentence entered against me in Yuma County cause number

S1400CR201601054.

1

I have discussed the dismissal of my case with my attorney and understand that by signing this affidavit I am authorizing my attorney to file on my behalf a motion to dismiss the appeal.

I understand that if the appeal is dismissed, I will not later be able to appeal the judgment or sentence in Yuma County cause number S1400CR201601054.

Dated: 11.3.2021 _____



ALEX M. MERAZ 299807
ASPC Yuma, Cheyenne Unit
PO Box 8909
Yuma, AZ 85349

SUBSCRIBED AND SWORN to before me this 3 day of November 2021.

M. CARKUFF
Notary Public - Arizona
YUMA COUNTY
Commission # 578156
Expires January 20, 2024

_____
Notary Public

My commission expires:

January 20, 2024

2

# EXHIBIT

# F

FILED
Lynn Fazz
CLERK, SUPERIOR COURT
11/09/2021 11:24 AM
BY: YGARCIA
DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF YUMA

| | |
|---|---|
| STATE OF ARIZONA, | ) Case No.: S1400CR201601054 |
| Plaintiff, | ) |
| | ) ORDER TO VACATE ORDER AND |
| | ) ORDER TO AMEND SENTENCING |
| vs. | ) ORDER |
| | ) |
| | ) |
| ALEX MERAZ, | ) |
| | ) |
| Defendant. | ) HON. ROGER. NELSON |
| | ) |

    **IT IS ORDERED** vacating the Order to Amend Sentencing Order filed on September 16, 2021.

    **IT IS FURTHER ORDERED** amending the Court's sentencing to reflect that sentence imposed in this case on March 16, 2017 shall run consecutive to sentences in Maricopa County Superior Court cases CR2014-115899-001, CR2015-106380-001 and CR2015-002074-001.

    In all other respects, the sentencing orders are affirmed.

eSigned by Nelson,Roger  11/09/2021 11:23:49 hOHRwvC

ROGER A. NELSON
SUPERIOR COURT JUDGE

Copies of the foregoing placed
this _____ day of November, 2021
in the boxes of:

Mary White
Deputy County Attorney

Martha Bastidas  mbastidas@azadc.gov
Leovy De Guzman ldeguzman@azadc.gov
Brittany Cassiano bcassiano@azadc.gov
Cody Hutchinson chutchinson@azadc.gov
Terri Hayes thayes1@azadc.gov

LYNN FAZZ, Clerk of Superior Court

By_____
   Deputy Clerk

# EXHIBIT

# G

IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION ONE

STATE OF ARIZONA,

Appellee,

v.

ALEX MERAZ,

Appellant.

No. 1 CA-CR 21-0425
and
No. 1 CA-CR 21-0543
(CONSOLIDATED)

Yuma County Superior
Court No. S1400CR201601054

**APPELLANT'S OPENING BRIEF**

**Robert Trebilcock**
Yuma County Public Defender
Deputy Public Defender
168 S. 2nd Avenue
Yuma, Arizona 85364
Telephone (928) 817-4600
Robert.Trebilcock@yumacountyaz.gov
State Bar No. 012004
Attorney for Appellant

1

term of 5 years with credit for 83 days served. (ROA-18, Sentencing Document; ROA-22; M.O. 03/16/17).

Nearly four years later, the sentencing judge took it upon himself to re-sentence Alex. (ROA-23). The record does not reveal the motivating factor behind the judge's decision to re-sentence Alex. As there was no motion filed by the State or the Defendant, one can only surmise that the Arizona Department of Corrections asked for confirmation that the original sentence was meant to be served <u>concurrently</u> with Alex's prior sentences from Maricopa County. In any event, the sentencing judge issued an *ex parte* re-sentencing document, this time confirming that the sentence was to be served <u>concurrently</u> with Alex's prior sentence. (ROA-23). This order further supports the notion that an ADOC request for clarification was behind the issuance of the re-sentencing order in that the distribution list shows that five ADOC officers were copied with the sentencing document but neither the prosecutor nor the defense attorney was copied on the order. (*Id.*).

While serving his sentence at ADOC, Alex was notified that he had been re-sentenced and immediately instructed the Yuma County Public Defender's Office to file a Notice of Appeal on his behalf. Alex's Notice of Appeal and Request for Appointment of Counsel was filed within the deadline, some 13 days following entry